IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-117-TAV-DCP |
| AKILO LASHA GRIGGS,<br><br>Defendant. | ) | |

**O R D E R**

This case is before the undersigned on Defendant Akilo Lasha Griggs's Emergency Motion for Furlough [Doc. 26], filed on November 9, 2026. *See* 28 U.S.C. § 636(b). Defendant first appeared on August 5, 2026, on an Indictment [Doc. 3][1] charging drug and firearms offenses [Doc. 5, Minutes]. Following a detention hearing, the undersigned ordered that Defendant be detained, finding by clear and convincing evidence that Defendant is a danger to the community and by a preponderance of the evidence that he is a risk of nonappearance [Doc. 16 p. 3].[2] Defendant, who is detained in the Blount County Detention Center ("BCDC"), asks to be released on a furlough to attend the birth of his child at the University of Tennessee Medical Center ("UTMC") on November 13, 2026 [Doc. 26 p. 1 & ¶ 2]. Defendant contends that the child's mother is scheduled

[1] On August 5, 2026, the Grand Jury returned an Indictment charging Defendant with conspiracy to distribute and to possess with intent to distributed twenty-eight grams or more of methamphetamine (Count One), one count of distributing methamphetamine (Count Two), four counts of distributing cocaine base (Counts Three–Six), and possessing a firearm in furtherance of the drug trafficking conspiracy alleged in Count One (Count Seven), all allegedly occurring on dates between November 5, 2025, through February 20, 2026 [Doc. 3 pp. 1–3].

[2] Defendant has moved to revoke the Order of Detention [Doc. 19], and this motion is pending before the District Judge.

to have labor induced around 4:30 a.m. on that date [*Id.* ¶ 2; *see* Doc. 26-1 p. 1].

Defendant proposes two alternatives [Doc. 26]. He requests an unescorted furlough during which his grandmother Patricia Arnwine, who was offered as his third-party custodian at his detention hearing, will pick him up at BCDC no later than 4:00 a.m. on November 13 and transport him to UTMC and will return him to BCDC by 8:00 p.m. that same day [*Id.* ¶¶ 4–5]. Alternatively, Defendant asks that the Court order the United States Marshals Service ("USMS") to transport him to and from UTMC for the birth of his child [*Id.* ¶ 6].

The Government responds in opposition to the furlough, arguing the temporary release of Defendant "raises serious concerns regarding the safety of the community and his appearance at further proceedings" [Doc. 27 p. 2]. It cautions that Defendant is charged with controlled-substance offenses involving methamphetamine and cocaine base and with possessing a firearm in furtherance of drug trafficking [*Id.* at 1]. The Government points to the undersigned's finding at the detention hearing that children were present during controlled purchases of drugs from Defendant [*Id.*].

The undersigned finds that the requested furlough must be denied. The Court may order the temporary release of a detained defendant if two conditions are met: (1) the defendant can be released into "the custody of a United States marshal or another appropriate person" and (2) the court determines the release to be necessary for the defendant to prepare his defense or "for another compelling reason." 18 U.S.C. § 3142(i). The burden lies with Defendant to "establish[] circumstances warranting temporary release pursuant to § 3142(i)." *United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020) (citations omitted) (discussing defendant's request for release relating to Covid-19).

Here, the Court questions whether release to attend the birth of a child constitutes a

"compelling reason" under § 3142(i). While the authority addressing this provision of the Bail Reform Act is "limited," courts have traditionally granted such furloughs "only 'sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries.'" *Bothra*, 2020 WL 2611545, *2 (quoting *United States v. Hamilton*, No. 19-CR-54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020)). Here, Defendant offers no case in which a court permitted temporary release under § 3142(i) for a defendant to attend another person's delivery of a child, nor does he state that the child's mother or the facility would permit him to be present.

But even assuming that release for the birth of a child is a compelling reason under the statute, Defendant cannot meet the first condition. Defendant offers his grandmother as his custodian for the unescorted furlough. The undersigned previously found "per [Defendant's] report to the [United States Probation Office], Defendant was living at least part-time with [his grandmother] during the time he's accused of committing the current offenses, which causes the Court to question her suitability as a third-party custodian and fails to allay the Court's concerns regarding the danger Defendant poses to the community" [Doc. 16-1 p. 4]. The Court also found the danger Defendant presents to the community and particularly to his children is significant, observing "the videos shown during the hearing depicting that drug trafficking occurred in the presence of young children[ show that he] poses a significant danger to [his] vulnerable children" [*Id.*].

An escorted furlough in USMS custody is also not an option. The undersigned has checked with a representative of the USMS, who relates that the Marshals Service lacks sufficient

manpower to transport Defendant as requested or for any period of time on November 13, 2026.[3] Accordingly, Defendant's request for release on furlough [**Doc. 26**] is **DENIED**. Defense counsel is **DIRECTED** to inform Defendant of the Court's ruling as soon as possible.

**IT IS SO ORDERED**.

ENTER:

Debra C. Poplin
United States Magistrate Judge

[3] It is unclear whether transport to a hospital to attend a birth while guarded by marshals is permitted by USMS policy, which requires payment in advance by a defendant seeking an escorted furlough.